UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, CITY OF COLUMBUS, INDIANA,<br><br>Plaintiffs,<br><br>vs.<br><br>DAIMLER TRUCKS NORTH AMERICA, LLC,<br><br>Defendant. | No. 1:16-cv-03210-RLY-MJD |

## REPORT AND RECOMMENDATION

This matter is before the Court on a *Motion to Dismiss* filed by Defendant Daimler Trucks North America, LLC ("Daimler"). [Dkt. 21.] On May 11, 2017, District Judge Richard L. Young designated the undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [Dkt. 45.] For the reasons set forth below, the Magistrate Judge recommends Defendant's motion be **GRANTED IN PART** and **DENIED IN PART.**

### I. Background

In 2007, the City of Columbus purchased a Freightliner packer truck (the "2007 Freightliner") from Daimler to use as a trash hauler. On May 11, 2015, the engine compartment of the 2007 Freightliner caught fire, causing extensive damage to that truck and two other packer trucks parked nearby at the time. The City of Columbus, along with its insurer U.S. Specialty Insurance Co. d/b/a/ Tokio Marine HCC, filed this lawsuit to recover insurance benefits paid to the City. Plaintiffs assert that a defective power distribution module caused the fire, and that Daimler had knowledge of the defect and failed to warn Plaintiffs of the danger. Plaintiffs filed this action on November 23, 2016, alleging a claim of breach of implied warranty of

1

merchantability and a products liability tort claim. [Dkt. 1.] Plaintiffs filed an Amended Complaint on December 15, 2016. [Dkt. 13.] On January 6, 2017, Defendants filed this Motion, asserting both claims should be dismissed pursuant to Federal Rule of Procedure 12(b)(6). [Dkt. 21.]

**II.     Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, the complaint must provide enough factual information to state a claim for relief that is plausible on its face and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the 12(b)(6) stage, all of the "factual allegations contained in the complaint" must be "accepted as true." *Twombly*, 550 U.S. at 572. Furthermore, well-pled facts are viewed in the light most favorable to the plaintiff. *See United Cent. Bank v. Davenport Estate LLC*, 815 F.3d 315, 318 (7th Cir. 2016).

**III.    Discussion**

Prior to addressing the substance of Defendant's Motion, the Court must resolve a procedural matter. Defendant attached multiple exhibits to its initial brief, including a copy of the Owner's Warranty Information Book applicable to the 2007 Freightliner. When a party attaches documents to a motion to dismiss, Rule 12(d) requires the court to either convert the 12(b)(6) motion into a motion for summary judgment, or exclude the documents attached to the motion to dismiss and continue its analysis under Rule 12. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998); *see also* Fed. R. Civ. P. 12(d). The Seventh Circuit recognizes one exception to this

2

rule: a court may consider the attached documents and still evaluate the motion under Rule 12(b)(6) *if* the documents are referred to in the plaintiff's complaint *and* they are central to the plaintiff's claim. *Levenstein,* 164 F.3d at 347. The district court ultimately has the discretion to determine whether to convert a motion to dismiss into a motion for summary judgment. *Id.*

Here, the documents attached to Defendant's brief do not fit the Seventh Circuit's narrow exception. Although the Amended Complaint generally references "certain warranties in favor of the City of Columbus" for the 2007 Freightliner, the express warranties in the Owner's Warranty Information Book are not central to Plaintiffs' products liability or implied warranty of merchantability claims. [Dkt. 13 at ¶13]. Consequently, the Court would need to exercise its discretion to convert Defendant's motion to dismiss into one for summary judgment in order to consider these documents. The Court declines to do so because allowing Defendant to proceed on a motion for summary judgment at this time is premature. Defendant filed the motion less than six weeks after Plaintiffs filed the initial complaint, well before either party had the opportunity to engage in discovery. Therefore, the Court will disregard the exhibits attached to Defendant's brief and analyze Defendant's Motion as a motion to dismiss pursuant to Rule 12(b)(6).

### A. Breach of Implied Warranty of Merchantability

Defendant asserts that Plaintiffs' claim for breach of the implied warranty of merchantability is barred by the statute of limitations. An action for breach of contract under the UCC must commence within four years after the cause of action accrues. Ind. Code § 26-1-2-725(1). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." *Id.* § 26-1-2-725(2). A claim for breach of warranty accrues "when tender of delivery is made," unless the contract expressly extends the warranty to future

3

performance of the goods. *Id.* Thus, an action for breach of warranty must be commenced within four years after tender of delivery. *Ferdinand Furniture Co., Inc. v. R.M. Anderson* (1980), Ind. App., 399 N.E.2d 799, 802.

The 2007 Freightliner was delivered to the City of Columbus in 2007. Plaintiffs filed this action in 2016. As the complaint was not filed within the required four year period, the claim for breach of implied warranty of merchantability is barred by the statute of limitations. Plaintiffs do not dispute the fact that the lawsuit was filed more than four years after delivery of the 2007 Freightliner. Instead, Plaintiffs argue the statute of limitations was tolled by Defendant's fraudulent concealment of the defect in the packer truck that caused the fire.

Pursuant to Indiana Code § 34–11–5–1, if a defendant liable for an action fraudulently conceals that liability, the statute of limitations does not begin to run until the plaintiff discovers the cause of action exists. Fraudulent concealment is narrowly defined and requires that the concealment be active and intentional. *Olcott Int'l & Co. v. Micro Data Base Sys., Inc.,* 793 N.E.2d 1063, 1072 (Ind. Ct. App. 2003). "The affirmative acts of concealment must be calculated to mislead and hinder a plaintiff from obtaining information by the use of ordinary diligence, or to prevent inquiry or elude investigation. There must be some trick or contrivance intended by the defrauder to exclude suspicion and prevent inquiry." *Johnson v. Blackwell,* 885 N.E.2d 25, 32 (Ind. Ct. App. 2008).

Plaintiffs assert the Amended Complaint pleads sufficient facts to establish the four-year statute of limitations was tolled because Daimler fraudulently concealed the defective power distribution module that caused the fire. Plaintiffs alleged Daimler "had prior knowledge of the defect" [Dkt. 13 at ¶21], "knew or had reason to know the Freightliner packer truck was likely to be dangerous" [Dkt. 13 at ¶23], and "failed to warn the City of Columbus or its driver of the fire

4

danger" [Dkt. 13 at ¶24.] Significantly absent from the Amended Complaint, however, is any allegation of an "affirmative act of concealment calculated to mislead" Plaintiffs and prevent them from discovering the alleged defect. *See Johnson*, 885 N.E.2d at 32. Classic examples of fraudulent concealment include hiding evidence, destroying evidence, or promising during settlement negotiations not to plead the statute of limitations defense. *In re Copper Antitrust Litigation,* 436 F.3d 782, 790–791 (7th Cir. 2006). Mere silence about the alleged defect, in the absence of a fiduciary relationship (which is not alleged here), is insufficient to establish fraudulent concealment. *See Tolen v. A.H. Robins Co., Inc.*, 570 F.Supp.1146, 1152 (N.D. Ind. 1983). As Plaintiffs have not pleaded facts sufficient to allow the Court to draw a reasonable inference that Daimler fraudulently concealed a defect thus tolling the statute of limitations, the Magistrate Judge recommends Defendant's motion to dismiss the breach of implied warranty claim be **GRANTED** and the claim be **DISMISSED** without prejudice.

### B. Products Liability

Defendant next asserts that Plaintiffs' products liability tort claim is precluded in its entirety by the economic loss doctrine. Generally, the economic loss doctrine provides that where a contract exists, that "contract is the only available remedy where the loss is solely economic in nature, as where the only claim of loss relates to the [service or] product's failure to live up to expectations, and in the absence of damage to other property or person." *Gunkel v. Renovations, Inc.,* 822 N.E.2d 150, 152 (Ind. 2005). Thus, Defendant argues, the economic loss rule bars any claim against Daimler for loss of the 2007 Freightliner truck.

Plaintiffs concede the rule applies to the 2007 Freightliner truck chassis and cab, sold by Daimler; however, Plaintiffs assert the rule does not bar recovery for the "other property" destroyed by the fire, including the trash compactor the City had installed on the 2007

5

Freightliner as well as the two other trucks in their entirety. The so-called "other property rule" provides that damage from a defective product may be recoverable under a tort theory if the defect causes damage to other property. *Gunkel*, 822 N.E.2d at 153. In *Gunkel*, the plaintiff contracted with a company to build a new home. In a separate transaction, the plaintiff contracted with the defendant to attach a stone façade to the new home. Defects from the façade then allegedly caused damage to the home. The Indiana Supreme Court concluded that the economic loss rule precluded tort recovery for damages to the façade itself, but the "other property rule" permitted tort recovery for damage to the home. *Id.* at 156-57.

Here, Plaintiffs contend the other property rule allows tort recovery for not only the two trucks parked near the 2007 Freightliner and damaged by the fire, but also for the trash compactor the City had installed on the 2007 Freightliner chassis they purchased from Daimler. In support of this argument, Plaintiffs cite *Saratoga Fishing Co. v. J.M. Martinac & Co.*, in which the Supreme Court found that equipment added to a fishing vessel *after* the manufacturer sold the product to the initial user is "other property." 520 U.S. 875, 884-885 (1997). Likewise, Plaintiffs assert, the trash compactor added to the 2007 Freightliner is other property for which tort recovery should be permitted.

Defendant argues that the Indiana Supreme Court recognized in a footnote in *Gunkel* that Indiana's other property rule was not consistent with *Saratoga Fishing*, and that Plaintiff's reliance upon that Supreme Court case is misplaced. [Dkt. 35 at 5.] But Defendant's argument only reflects half the court's footnote in *Gunkel*. Footnote 8 provides:

> Under admiralty law, the United States Supreme Court concluded that separately acquired property added by a first user to a ship retained its character as "other property" for purpose of the economic loss doctrine even though the plaintiff acquired the ship after the added property had been attached. *Saratoga,* 520 U.S. at 876, 117 S.Ct. 1783. This is not consistent with the formulation that the test is "the product purchased by the plaintiff," *but is consistent with our conclusion that*

6

> *at least in the hands of a first user, separately acquired goods or services are other property.* We are not presented with the issue raised by a sale subsequent to the addition of other property and express no opinion as to it.

*Gunkel*, 822 N.E.2d 150, 156 (Ind. 2005) (emphasis added). Here, the trash compactor is "separately acquired goods," that, pursuant to *Gunkel*, is other property.

But Plaintiffs have one more hurdle to clear for this portion of their claim to survive dismissal under Rule 12(b)(6). The Court must be able to reasonably infer from the Amended Complaint that Plaintiffs' tort claim distinguishes the trash compactor from the chassis and cab of the 2007 Freightliner truck, for which (even Plaintiffs concede) recovery is barred by the economic loss rule. This is where Plaintiffs stumble. Although Plaintiffs clearly make this distinction in their response brief, the Amended Complaint simply refers to the 2007 Freightliner and the two other packer trucks. Statements made in a response brief do not constitute pleadings and therefore cannot cure deficiencies in the complaint. *Sweet v. City of Chicago*, 953 F. Supp. 225, 230 (N.D. Ill. 1996). Consequently, the Magistrate Judge recommends the tort claim as to the 2007 Freightliner truck be **DISMISSED** without prejudice.

Defendant's only argument as to the dismissal of the tort claim relating to the two other packer trucks damaged in the fire relies upon an alleged warranty limitation in the Owner's Warranty Information Book. As previously discussed, the Court has excluded this document in its review of Defendant's Motion. Therefore, the Magistrate Judge recommends Defendant's motion to dismiss the product liability tort claim be **GRANTED IN PART** as to the 2007 Freightliner truck and **DENIED IN PART** as to the two other packer trucks.

### IV. Conclusion

Based on the foregoing, the Magistrate Judge recommends that the Defendant's *Motion to Dismiss* be **GRANTED IN PART** and **DENIED IN PART**. [Dkt. 21.] Plaintiffs may file an

amended complaint curing the deficiencies discussed above, as appropriate, within fourteen (14) days of the District Judge's ruling on this Report and Recommendation.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 19 MAY 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

U.S. SPECIALTY INSURANCE COMPANY

Paul E. Harold
LADUE CURRAN & KUEHN
pharold@lck-law.com

John David LaDue
LADUE CURRAN & KUEHN LLC
jladue@lck-law.com

Stephen M. Judge
LADUE CURRAN KUEHN LLC
sjudge@lck-law.com

Mark A. Holloway
STEPHENSON MOROW & SEMLER
mholloway@stephlaw.com