UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| U.S. SPECIALTY INSURANCE COMPANY, <br> CITY OF COLUMBUS, INDIANA, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> DAIMLER TRUCKS NORTH AMERICA, LLC, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) No. 1:16-cv-03210-RLY-MJD <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

This matter is before the Court on Plaintiffs' *Motion for Leave to File Second Amended Complaint*. [Dkt. 49.] Plaintiffs seek to amend their complaint to reflect the Court's dismissal of their breach of implied warranty of merchantability claim and to clarify their product liability claim. For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion.

I.   **Background**

In 2008, Best Equipment purchased a Freightliner packer truck (the "2007 Freightliner") from Daimler, added a trash compactor, and sold the resulting Garbage Truck to the City of Columbus. On May 11, 2015, the engine compartment of the 2007 Freightliner caught fire, causing extensive damage to that truck and two other packer trucks owned by the City parked nearby at the time. The City of Columbus, along with its insurer U.S. Specialty Insurance Co. d/b/a/ Tokio Marine HCC ("Plaintiffs"), filed this lawsuit to recover insurance benefits paid to the City. Plaintiffs assert that a defective power distribution module caused the fire, and that Daimler had knowledge of the defect and failed to warn Plaintiffs of the danger. Plaintiffs filed

1

this action on November 23, 2016, alleging a claim of breach of implied warranty of merchantability and a products liability tort claim. [Dkt. 1.]

On May 19, 2017, the Magistrate Judge issued a Report and Recommendation finding that the breach of implied warranty of merchantability claim should be dismissed because it was barred by the statute of limitations. [Dkt. 47.] The Magistrate Judge further recommended the products liability claim be dismissed as to the 2007 Freightliner because recovery was barred by the economic loss rule. However, the Magistrate Judge noted that the rule does not bar recovery for the "other property" destroyed by the fire. The so-called "other property rule" provides that damage from a defective product may be recoverable under a tort theory if the defect causes damage to other property. *Gunkel v. Renovations, Inc.*, 822 N.E.2d 150, 153 (Ind. 2005).

Pursuant to the other property rule, Plaintiffs asserted they should be able to recover the damages to the trash compactor, separately installed upon the 2007 Freightliner. However, as the Amended Complaint did not distinguish between the 2007 Freightliner (recovery for which is barred by the economic loss rule) and the trash compactor attachment, the Magistrate Judge recommended dismissal of the claim as to the 2007 Freightliner with the opportunity to replead. Neither party having objected to the Report and Recommendation, the Court adopted it on June 7, 2017. [Dkt. 48.]

On June 8, 2017, Plaintiffs filed this motion seeking to amend the complaint to specifically assert that the trash compactor constitutes "separately acquired goods" for which damages are recoverable under a products liability theory. [Dkt. 49 at 2.] Defendants object, arguing that because the City of Columbus purchased the 2007 Freightliner and trash compactor as one unit, the trash compactor is not "other property" and recovery for damages remains barred by the economic loss rule.

2

**II.    Discussion**

Leave to amend pleadings is to be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court, however, may deny leave to amend a complaint when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. *Bethany Phamacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001). Defendants assert allowing the amendment would be futile because the tort claim for damages to the trash compactor is barred by the economic loss rule. In support of their argument, Defendants submitted invoices that show the 2007 Freightliner (chassis and cab) was purchased by Best Equipment from Daimler on April 17, 2008. [Dkt. 52-2.] Best Equipment then sold the 2007 Freightliner as a "Garbage Truck" (having installed the trash compactor) to the City of Columbus on April 18, 2008. [Dkt. 52-1.] Because Plaintiffs purchased the 2007 Freightliner and trash compactor as a single unit (as a Garbage Truck), Defendants argue, the trash compactor is not "other property."

Plaintiffs maintain that the trash compactor constitutes "other property" because it was separately acquired and installed upon the 2007 Freightliner, regardless of whether it was installed before or after the City of Columbus purchased the vehicle. Plaintiffs rely upon a 1997 United States Supreme Court case applying the federal common law of admiralty, *Saratoga Fishing Co. v. J.M. Martinac & Co.* 520 U.S. 875 (1997). In *Saratoga Fishing,* the initial purchaser of a vessel added a skiff, fishing net, and other equipment to the M/V Saratoga before selling the vessel with this additional equipment to a subsequent purchaser. When a defective hydraulic system in the vessel's engine room failed, the vessel caught fire and the ship sank. The secondary owner then filed suit against the manufacturer of the hydraulic system and the company that built the vessel. The issue presented to the Supreme Court was whether the skiff,

fishing net, and other equipment added by the initial purchaser constituted "other property." The Court determined that they did. *Saratoga*, 520 U.S. at 876. Plaintiffs assert that like the fishing equipment in *Saratoga*, the trash compactor was separately acquired and installed on the 2007 Freightliner by Best Equipment and therefore should be considered "other property."

But this Court, proceeding under diversity jurisdiction, is tasked with applying Indiana law, not federal maritime law. Defendants point to a body of Indiana law holding that the defective "product" for purposes of applying the economic loss rule "is the product purchased by the plaintiff, not the product furnished by the defendant. . . . If a component is sold to the first user as part of the finished product, the consequences of its failure are fully within the rationale of the economic loss doctrine... [and] therefore is not 'other property." *Gunkel*, 822 N.E.2d at 155. For example, in *Indianapolis-Marion County Public Library*, 929 N.E.2d 722 (Ind. 2010), the Library hired an architect to renovate and expand the downtown Indianapolis facility, including the parking garage. The architect then subcontracted with other companies for engineering and design services. When the Library discovered defects in the parking garage, it sued the architect and the subcontractors. *Id.* at 725. In applying the economic loss rule denying recovery in tort for the defective garage, the court noted:

> T]he Library purchased a complete refurbishing of its library facility from multiple parties. The Library did not purchase a blueprint from the Defendants, concrete from the materials supplier, and inspection services to ensure the safety of the construction project in isolation; it purchased a complete renovation and expansion of all the components of its facility as part of a single, highly-integrated transaction. Thus, irrespective of whether Defendants' negligence was the proximate cause of defects in the design of the library facility, for purposes of the other property rule, the product or service that the Library purchased was the renovated and expanded library facility itself.

*Id.* at 731.

Here, the product purchased by the City of Columbus was the Garbage Truck. Best Equipment sold the City that finished product comprised of the trash compactor and the 2007 Freightliner. Therefore, just as the entire library facility itself was found to be the defective "product" purchased by the Library, the entire Garbage Truck is also the defective product purchased by the City of Columbus and recovery for damages to the trash compactor is barred by the economic loss rule.

Plaintiffs do not address *Gunkel* or *Indianapolis-Marion County Public Library*; however, they assert *Saratoga* requires the opposite result.[1] The Court disagrees. As noted previously, *Saratoga* was decided under the federal common law of admiralty. Consequently, *Saratoga* is not an authority binding upon the courts of the State of Indiana (or in this case upon a federal court applying Indiana law). Instead, courts applying Indiana law continue to focus on the product *purchased by the plaintiff* in the "other property" analysis. *See e.g., Gunkel*, 822 N.E. 2d at 155 (aligning Indiana "with the courts that have concluded that the 'product' is the product purchased by the plaintiff, not the product furnished by the defendant."); *Guideone Ins. Co. v. U.S. Water Systems, Inc.*, 950 N.E. 2d 1236, 1245 (Ind. Ct. App. 2011) (the "product" purchased was a reverse osmosis filtration system, therefore the "other property" exception applied to permit tort recovery for flood damage to a home); *Citizens Ins. Co. of America v. Manville*, 2013

---

[1] Although a moot point in light of the fact that *Saratoga* does not control the instant analysis, it is not clear that even *Saratoga* supports the Plaintiffs' position in this case. Justice Breyer's opinion in *Saratoga* focused upon the sale by an "Initial User" to a "Subsequent User." 520 U.S. 878. The opinion does not define the term "Initial User," but does focus upon the fact that the "Initial User" in that case, Joseph Madruga, actually **used** the ship for tuna fishing after he had added the skiff, seine net, and other fishing equipment that was at issue in the case. *Id.* at 877. While the term "Initial User" was not defined, the actual use of the ship by the "Initial User" was seen to be a material aspect of the decision by Justice Scalia in his dissent. *Id.* at 888 ("But the initial-user rule the Court embraces simply makes liability turn on a different fortuity, namely, whether the person who adds additional equipment to the product uses that product before selling it. If Madruga was engaged in the business of assembling and distributing tuna seiners, why should the fact that he briefly used the vessel before selling it enable petitioner to obtain tort damages that would plainly not be recoverable if Madruga had simply installed the components and then sold the vessel?"). In this case, there is no suggestion that Best Equipment ever **used** the garbage truck; rather, Best Equipment bought a new chassis from Daimler, added a new trash compactor, and then sold a previously unused garbage truck to the City of Columbus.

WL 1438096 at *8, (S.D. Ind. 2013) (the "product" purchased was the entire building, therefore recovery for damages to its component parts was barred by the economic loss rule).

The City of Columbus purchased a Garbage Truck. As such, the Court finds Plaintiffs may not recover damages in tort for the loss of the component trash compactor because that recovery is barred by the economic loss rule. Consequently, amendment of the Amended Complaint to assert such a claim would be futile.

### III. Conclusion

Based on the foregoing, Plaintiffs' *Motion for Leave to File Second Amended Complaint* is **DENIED**. [Dkt. 49.] Consequently, the only claim remaining in this action is Plaintiffs' products liability claim as to the damages to two other packer trucks in the garage at the time of the fire.

Dated: 21 JUL 2017

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.